IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSUE CANTU-CORTES,**<br>*Petitioner,*<br><br>v.<br><br>**DAVID O'NEILL,** Acting Field Office Director of Enforcement and Removal Operations, Philadelphia Field Office, Immigration and Customs Enforcement; **KRISTI NOEM,** Secretary, U.S. Department of Homeland Security; **PAMELA BONDI,** U.S. Attorney General; **JAMAL L. JAMISON,** Warden of Philadelphia Federal Detention Center,<br>*Respondents.* | CIVIL ACTION<br><br>No. 25-cv-6338 |

**MEMORANDUM**

**KENNEY, J.**                                                                                                                   **NOVEMBER 13, 2025**

Petitioner is a citizen of Mexico who has resided in the United States since around 2000/2001, when he entered "as a teenager[] without inspection across the southern U.S. border and had no contact with immigration authorities." ECF No. 1 ¶¶ 16, 41–42. He was arrested by Immigration and Customs Enforcement ("ICE") on November 5, 2025, and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and § 1182(a)(7)(A)(i)(I). *Id.* ¶¶ 3, 16. On November 7, 2025, he filed an Emergency Petition for Writ of Habeas Corpus before this Court. *Id.* Respondents oppose Mr. Cantu-Cortes' petition, arguing that (1) the Court lacks jurisdiction over the petition, (2) Petitioner failed to exhaust administrative remedies, (3) Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(2), and (4) Petitioner's "detention does not offend due process." *See generally* ECF No. 3.

## I. JURISDICTION

First, the Court maintains jurisdiction to entertain the petition under 28 U.S.C. § 2241, and Respondents' jurisdictional argument fails.  First, 8 U.S.C. § 1252(b)(9) does not bar this Court from reviewing whether a bond hearing is required prior to detention because that issue is collateral to the removal process.  *See Garcia v. Noem*, No. 25-cv-02180, 2025 WL 2549431, at *4 (S.D. Cal. Sept. 3, 2025).  Second, 8 U.S.C. § 1252(g) also does not bar jurisdiction for similar reasons.  *See Avila v. Bondi*, No. 25-cv-3741, 2025 WL 2976539, at *4 (D. Minn. Oct. 21, 2025) ("Petitioner's habeas claim is not jurisdictionally barred under § 1252(g) because Petitioner is not seeking review of a decision to commence proceedings, adjudicate cases, or execute a removal order.  Instead, Petitioner challenges, among other things, the lawfulness of his continued detention without receiving a bond hearing . . . .").  Finally, 8 U.S.C. § 1252(a)(2)(B)(ii) does not bar jurisdiction because Petitioner is not challenging a discretionary decision to deny him bond, but is instead challenging the Government's position, as a matter of statutory interpretation, that no bond hearing is required.  *See Ochoa Ochoa v. Noem*, No. 25-cv-10865, 2025 WL 2938779, at *4 (N.D. Ill. Oct. 16, 2025).

## II. EXHAUSTION

Next, Petitioner is not required to exhaust his administrative remedies, as exhaustion would be futile.  *See Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion not required where "administrative remedies would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury").  Here, the Board of Immigration Appeals would be bound by its own precedent to determine that Petitioner's detention is mandatory

under 8 U.S.C. § 1225(b)(2). *See Del Cid v. Bondi*, No. 25-cv-00304, 2025 WL 2985150, at *13 (W.D. Pa. Oct. 23, 2025).

### III. MERITS

The remaining issue before the Court is whether Petitioner is properly detained under 8 U.S.C. § 1225(b) versus 8 U.S.C. § 1226(a). Section 1225(b) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending removal hearings. 8 U.S.C. § 1225(b)(2)(A). In contrast, § 1226(a) "applies to aliens already present in the United States" and "creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018); 8 U.S.C. § 1226(a). Most courts addressing the § 1225(b) versus § 1226(a) dispute reject Respondents' position that "[a]n alien who arrives in the U.S. or is present in this country but has not been admitted is considered an applicant for admission under 8 U.S.C. § 1225(a)(1)" and is therefore subject to mandatory detention under § 1225(b)(2)(A). ECF No. 3 at 12–13 (cleaned up); *see Lopez v. Noem*, No. 25-cv-16890, 2025 WL 3101889, at *3 (D.N.J. Nov. 5, 2025) (citing cases). The comprehensive decisions rendered by these courts are persuasive, and the Court finds that § 1226(a) is applicable to Petitioner.

Here, Petitioner was not seeking to be admitted to the Country when ICE detained him on November 5, 2025; he was already residing in the United States for between 24–25 years. ECF No. 1 ¶¶ 2–3, 16. "A noncitizen like [p]etitioner, who has already entered and is present in the country, simply cannot be characterized as 'seeking entry' consistent with the ordinary meaning

of that phrase." *Vazquez v. Feeley*, No. 25-cv-01542, 2025 WL 2676082, at *13 (D. Nev. Sept. 17, 2025).

### IV. CONCLUSION

Accordingly, ICE's mandatory detention of Petitioner under 8 U.S.C. § 1225(b)(2)(A) violates the laws of the United States and Petitioner's rights under the Due Process Clause. Respondents must provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven (7) days. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven (7) days, Petitioner must be immediately released from detention while he awaits his bond hearing. An accompanying order will follow.

**BY THE COURT:**

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**